RECEIVED
FEB 03 2006
LARRY W. PROPES, CLERK
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jerry A. Williams, | ) | |
| | ) | Civil Action No. 9:05-147-SB |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **ORDER** |
| | ) | |
| Jo Anne B. Barnhardt, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |



## INTRODUCTION

This matter is before the Court on the Plaintiff's request, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to review the Defendant's denial of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. The Plaintiff filed applications for SSI benefits and for DIB on May 14, 2003. These applications were initially denied, and the Plaintiff requested a review hearing which was held on June 8, 2004 before Administrative Law Judge Richard L. Vogel ("the ALJ"). On August 9, 2004, the ALJ issued a decision finding the Plaintiff was not disabled. On November 12, 2004, the Appeals Council denied the Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for the purposes of judicial review. See 20 C.F.R. §§ 404.981, 416.1481.

The Plaintiff filed this action, which was referred to United States Magistrate Judge George C. Kosko for initial review. The Magistrate Judge recommended that the Commissioner's decision for denial of benefits be affirmed. The Plaintiff has timely filed objections, and the matter is now ripe for decision.

## DISCUSSION

*Standard of Review*

Under the Social Security Act, 42 U.S.C. § 405 (g) and § 1383(6)(3), this Court's scope of review of the Commissioner's final decision is limited: (1) to whether the decision of the Commissioner is supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) to whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasonable mind would accept as sufficient to support a particular conclusion." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Clebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" Id. In reviewing objections to a report and recommendation, this Court only conducts a de novo review of "those portions of the report or specified proposed findings to which objection is made." 28 U.S.C. § 636(b)(1).



*Background of Facts*

The Plaintiff was born on April 30, 1964 and was 40 years old at the time of the administrative hearing. The Plaintiff has a high school education and has worked in the past as an end operator and a cook.

The Plaintiff's disability stems from an automobile accident in 1995 in which he broke his right leg, right foot, right elbow and mandible, which later caused him to have an elbow replacement for his right (dominant) arm in 2000. In 2003, the Plaintiff's orthopedic surgeon, Dr. Keith Merrill, told him to stop working because his

right arm was getting worse. At the time the Plaintiff stopped working, he had pain in his back, right elbow, right leg, and right foot. Dr. Merrill prescribed Celebrex for this pain. The Plaintiff was also prescribed Ultracet and Cyclobenzaprine for pain by another physician in January of 2004. From 2001 until June 2003, the Plaintiff worked about 35 hours per week. According to the Plaintiff, he was forced to miss two or three days of every five-day work week due to pain.

At the June 8, 2004 hearing, the ALJ heard testimony from both the Plaintiff and a Vocational Expert ("the VE"). The VE identified two occupations in which she believed the Plaintiff could work, given his reported condition: a surveillance system monitor and a credit checker. However, the VE also stated that if the Plaintiff had to miss two to three days per week due to pain, these jobs would not be available.



Following the hearing, the ALJ made several findings that were adopted by the Commissioner (See 20 C.F.R. §§ 404.981, 416.1481). The ALJ found that the claimant has not engaged in any substantial gainful activity since the alleged onset of disability, and that the claimant's degenerative joint and bone diseases are considered "severe" under 20 C.F.R. §§ 404.1520(c) and 416.920(b). The ALJ also found that, although the claimant is unable to perform any of his past relevant work (20 C.F.R. §§ 404.1565 and 416.965), he retains the ability to perform a significant range of sedentary work such as a surveillance system monitor and a credit checker. Ultimately, the ALJ found that the claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of his decision. 20 C.F.R. §§ 404.1520(g) and 416.920(g).

The Magistrate Judge agreed with these findings, concluding that there was

substantial evidence in the record to support the ALJ's findings and that the correct legal principles were applied. The Magistrate Judge found that the ALJ (1) properly decided to accord very little weight to Dr. Keith Merrill's opinion as to the Plaintiff's disability; (2) properly gave very little weight to Dr. Arthur Wilkoszewski's opinion; (3) properly discounted Dr. Wilkoszewski's opinion that the Plaintiff was disabled; (4) correctly relied on Dr. Gregory Jones' opinion when determining that the Plaintiff was not disabled; and (5) came "to the reasonable conclusion that the Plaintiff's impairments were not disabling." Magistrate Judge's Report and Recommendation at 14.

### Plaintiff's Objections

The Plaintiff objects to the Magistrate Judge's report on the grounds that (1) the record reflects that the Plaintiff's treating physician, Dr. Keith Merrill, opined that the Plaintiff was completely disabled; (2) the State Agency physician, Dr. Arthur Wilkoszewski, bolstered this opinion; and (3) the only contradictory opinion was that of Dr. Gregory Jones who only saw the Plaintiff one time and who limited his examination to the Plaintiff's spinal condition. Each will be considered in turn.

### Treating Physicians



Normally, a treating physician's testimony is to be given controlling weight. The testimony of treating physicians can be discounted or ignored "only if there is persuasive contradictory evidence." Coffman v. Bowen, 829 F.2d 514 (4th Cir. 1987). The ALJ, and subsequently the Magistrate Judge, concluded that, because Dr. Merrill had treated the Plaintiff only a few times, his opinion should be afforded very little weight. Further, they found that Dr. Merrill's opinion was inconsistent with

his own treatment notes and diagnostic findings. This Court feels, however, that when Dr. Merrill's reports are reviewed as a whole, his opinion is not inconsistent with his notes and findings.

The ALJ's report focuses heavily on the April 27, 2003 report by Dr. Merrill on the Plaintiff's visit. While some comments on Dr. Merrill's report on the Plaintiff's condition are positive, there are also many indications in the report that the Plaintiff was in a great deal of pain. Dr. Merrill stated in this report that he believed the Plaintiff was "completely disabled from any job that requires more than sedentary activities and I have stated this in the past." SSA record at 104.

Dr. Merrill subsequently saw the Plaintiff on June 27, 2003. In his report from that visit, he noted that the patient presented with "multiple problems including painful right elbow replacement, buttock pain from bursitis from intermedullary nail, distal knee pain from interlocking nail, previous ankle fracture as well as heel pain and left knee problems most likely from his injury." SSA record at 100. He also believed the Plaintiff was "completely disabled from any sort of work. He can't stand for long periods of time, and due to the total elbow [ ], he is unable to do any significant work with the right upper extremity and I would consider him completely disabled from any form of work." Id. On the same day, Dr. Merrill wrote a letter addressed "To Whom It May Concern" regarding the Plaintiff, where he stated again that he "believe[s] [the Plaintiff] is completely disabled and unable to work." SSA record at 101.



These reports by Dr. Merrill are not refuted by "persuasive contradictory evidence." <u>Coffman v. Bowen</u>, 829 F.2d 514, 517 (4th Cir. 1987). While a few

comments in one of Dr. Merrill's reports in the record reflect some positive attributes of the Plaintiff's prognosis, the overall assessment supports his finding that the Plaintiff was completely disabled from work.

*State Agency Physician*

On December 11, 2003, Dr. Arthur Wilkoszewski examined the Plaintiff. Dr. Wilkoszewski indicated in his subsequent report that he "think[s] this gentleman is currently disabled from any job." SSA Record at 105.

The ALJ's report indicates that he believed Dr. Wilkoszewski's opinion to be "apparently based primarily upon the claimant's subjective complaints and was not grounded upon the objective evidence of record." SSA Record at 22. However, in the report from the Plaintiff's visit, Dr. Wilkoszewski notes that "the patient's statements are consistent with provided records." SSA record at 107. The ALJ also states that Dr. Wilkoszewski "viewed the claimant on only one occasion and did not have the benefit of a longitudinal treating relationship with the claimant." Id.

The Plaintiff was referred to Dr. Wilkoszewski by the State for a Disability Physical Examination. For the ALJ to discount Dr. Wilkoszewski's opinion because he only saw the Plaintiff once seems unreasonable to this Court, especially in light of the fact that the Plaintiff would not have seen him at all *but for* the referral by South Carolina Disability Services.[1] The ALJ's total rejection of Dr. Wilkoszewski's opinion of disability is the result of an improper legal standard, and this Court believes that the Magistrate Judge's affirmance of this determination was not

---

[1] It should be noted that the ALJ *has* accorded a significant weight to the findings of Dr. Gregory Jones, whom the Plaintiff also saw on only one occasion. See SSA Record at 22.

appropriate under the facts of this case.

*Dr. Gregory Jones*

The Plaintiff also objects to the Magistrate Judge's affirmance of the ALJ's decision to grant significant weight to the report of Dr. Gregory Jones. On May 25, 2004, the Plaintiff visited Dr. Jones, a "pain relief specialist." While the ALJ focuses on Dr. Jones' ultimate opinion that the Plaintiff is not disabled, it is important to look at the notes from Dr. Jones' analysis leading up to that opinion:

> Jerry is here today for assessment of low back pain relating to his disability claim. Unfortunately, he has been unable to afford any significant work up for low back pain, and this would likely help significantly in delineating whether any significant disc pathology present in lumbar spine. If any disc pathology were noted in lumbar spine, and this were shown to be related to chronic low back symptoms, this could possibly impact significantly on patient's ability to work, as patient would likely need restrictions regarding heavy lifting, pushing, or pulling, based on type of disc lesion present, and whether this were primary pain generator in lumbar spine. However, since this has not been delineated, current opinions voiced below based on current understanding of patient's condition only, obviously limited by his lack of imaging assessment lumbar spine.

SSA Record at 125.



In his report, the ALJ states that Dr. Jones conducted a "thorough examination of the claimant . . . and could find no significant restrictions pertaining to the [Plaintiff's] lumbar spine." SSA Record at 22. But Dr. Jones stated himself that a full examination was not possible due to the Plaintiff's inability to afford "any significant work up." SSA Record at 125. It is self-evident to this Court that the Plaintiff should not be penalized for his inability to afford a more in-depth screening by Dr. Jones. Further, Dr. Jones only examined the Plaintiff's spinal conditions, and did not focus on any other areas of the Plaintiff's body, such as his right elbow, leg,

and foot, which were areas of concern in the reports of both Dr. Merrill and Dr. Wilkoszewski.

While the determination of disability is reserved to the Commissioner (see 20 C.F.R. § 404.1527(e)), it appears to this Court that there is not substantial evidence in the record to support the Commissioner's finding. Richardson v. Perales, 402 U.S. 389, 390, 401 (1971). Further, there is substantial evidence in the record to refute the Commissioner's denial of benefits. The Plaintiff should be awarded benefits because he is clearly disabled, as the overwhelming weight of the evidence demonstrates.

## CONCLUSION

Based on the foregoing, it is

ORDERED that the decision of the Commissioner of Social Security is reversed; and that this matter is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for an award of benefits to the Plaintiff, effective from the date of his application.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

February 3, 2006
Charleston, S.C.